# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 15-1146V
Filed: June 30, 2017

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * *<br>JESSICA REAPE,           *<br>                          *<br>            Petitioner,   *<br>v.                        *<br>                          *<br>SECRETARY OF HEALTH      *<br>AND HUMAN SERVICES,       *<br>                          *<br>            Respondent.  *<br>* * * * * * * * * * * * * * * * * * * * * * * * * | Special Master Sanders<br><br>Attorneys' Fees and Costs;<br>Reasonable Amount Requested. |

Daniel J. Mannix, Muller, Mannix & Hobbs, PLLC, Glen Falls, NY, for Petitioner.
Christine M. Becer, United States Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On October 7, 2015, Jessica Reape ("Petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2012).[2] Petitioner alleged that an influenza ("Flu" or "Flumist") vaccine administered on September 25, 2012 caused her to suffer from Tourette's syndrome ("TS"). Petition at Preamble, filed Oct. 7, 2015. On March 3, 2017, the undersigned issued a decision denying compensation to Petitioner for insufficient proof of causation. Decision, ECF No. 40.

On May 31, 2017, Petitioner filed a Motion for Attorneys' Fees. Mot. Att'ys' Fees, ECF No. 44. Petitioner requested attorneys' fees in the amount of $12,008.00 and attorneys' costs in

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

the amount of $608.17.  *Id.* at 2-3.  On June 19, 2017, Respondent indicated that he "does not object to the overall amount sought, as it is not an unreasonable amount to have been incurred for proceedings in this case to date."  Resp't's Resp., ECF No. 45.  Respondent also stated that "Respondent's lack of objection to the amount sought in this case should not be construed as an admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or the other litigation related costs."  *Id.*  Petitioner did not file a reply thereafter.

The undersigned has reviewed Petitioner's counsel's detailed records of time and expenses incurred in this case, and they are reasonable.[3]  In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that Petitioner is entitled to attorneys' fees and costs.  **Accordingly, the undersigned hereby awards the amount of $12,616.17,[4] in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Daniel J. Mannix, of Muller, Mannix & Hobbs, PLLC.**  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

/s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Petitioner's application for fees and costs, although unopposed, relies upon proposed hourly rates for Petitioner's counsel, Daniel Mannix, who practices in Glen Falls, New York.  Respondent does not maintain an objection to the amount of fees and costs sought by Petitioner, and I find that the total sum requested is reasonable under the circumstances.  Therefore, I do not reach the question of whether Mr. Mannix is entitled to the forum rate under the test established by the Federal Circuit in *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008).  This decision does not constitute such a determination.

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).